HENCER CORPORATION and NICHOLAS E. YOOST, Plaintiffs, *v.* IRVING H. STOLZ, Defendant.

Supreme Court, Special Term, New York County, February 13, 1941.

*Francis A. McGurk*, for the plaintiffs.

*Levy, Murphy & Stolz*, for the defendant.

EDER, J. Motion by defendant is granted to the extent of bringing in Anita E. Jais (also known as Anita E. Bamberger), as executrix of the estate of Adele Jais, deceased, as a party defendant. The defendant has no interest in the property deposited as security to insure performance of the agreement, except as an escrowee or stakeholder. It is alleged that the agreement was fully performed by plaintiffs and this action is one to compel the defendant to specifically perform the escrow agreement and deliver the security, *i. e.*, documents, to plaintiffs. Defendant alleges that the said Anita E. Jais has notified him that plaintiffs have not performed the agreement and not to turn over to the plaintiffs the property in question, which is held by the defendant and by plaintiffs' attorney, in their names, in a safe deposit box. The defendant alleges that he is in doubt and cannot safely determine whether to turn over the property to the plaintiffs or to said Anita E. Jais, or to continue to hold the same.

In such a situation, the defendant is entitled to bring in the claimant as a party defendant under the recently enacted section 287-b of the Civil Practice Act, added by chapter 804 of the Laws of 1939. While this statute appears not to have received a prior construction, its purport is clear. In so far as here material, this provision, entitled " Determining adverse claims to specific personal property in pending action other than action of conversion," provides: " When an action has been commenced to recover specific personal property, including certificates of stock, bonds, notes or other securities or obligations, exceeding fifty dollars in value, held by the defendant within this State, or to enforce a vested or contingent interest therein or lien thereon, the said defendant may, upon proof by affidavit that a person not a party to the action asserts a claim to the whole or any part of the same specific personal property or to a right or interest in or lien upon the whole or any part thereof, which said claim is adverse in whole or in part to the plaintiff's claim therein or to any claim asserted by the said defendant therein, and that the said adverse claim is made without collusion on the part of the said defendant, apply to the court in which the action is pending upon notice to the plaintiff, for an order directing the said claimant to be brought into the action as a party defendant on the ground that a complete determination of the controversy respecting the title to, or rights or interests in, or liens upon, the said specific personal property cannot be had without the presence of the said claimant * * *."

This enactment was plainly designed to relieve an escrowee or stakeholder from subjecting himself to the risk of suit or liability by reason of the assertion of an adverse claim and to relieve him of the quandary in which he usually found himself in such a situation, and to relieve him of the responsibility of making determinations which might later subject him to liability or litigation in consequence, and to leave the decision of the conflicting claims and issues to the court where it properly belongs. Obviously, an escrowee or stakeholder should not be required to determine controversial or legal questions and it is unfair and unjust to impose such a duty or obligation upon him, since his sole interest is that of a stakeholder, and it is apparent that it was to remedy this onerous condition that this statute was enacted. Recourse to it should be encouraged, rather than impeded, and in carrying out the legislative intent the statute, in view of its beneficent object and purpose, is to receive a liberal construction.

Motion granted as indicated. Settle order.