DAVID BIRNBAUM, Plaintiff, *v.* IRVING TRUST COMPANY, Defendant.

Supreme Court, Special Term, New York County, February 17, 1942.

*Proskauer, Rose & Paskus* [*David Katz* of counsel], for the plaintiff.

*Paul E. Mead* [*William A. Onderdonk* of counsel], for the defendant.

EDER, J. The defendant by this motion seeks an order bringing in as a party defendant Amsterdamsche Liquidatiekas, N. V., a banking corporation organized under the laws of the Netherlands, and whose address was and is Amsterdam, Netherlands, and to stay the prosecution of this action by the plaintiff until said named party is brought in under circumstances calculated to give it actual notice

of plaintiff's cause of action and an opportunity to appear and defend, or an officer has been appointed by the President of the United States to take possession of the property of alien enemies to whom papers may be mailed in lieu of mailing directly to said Amsterdamsche Liquidatiekas, N. V., as provided in rule 50 of the Rules of Civil Practice; defendant asks that plaintiff be directed to make said party a party defendant, or, in the alternative, permitting the defendant to make said Amsterdamsche a party defendant, such direction or authorization to be effective only when it is possible to make said party a party hereto in the manner above indicated.

This is an action to recover possession or the value of 6,000 shares of common stock of American Enka Corporation. The shares of stock are in the possession of the defendant, having been delivered to it by Amsterdamsche and the stock has been at all times and is now held in the custody of the defendant for said party. The defendant alleges that it has no interest in the said stock other than as custodian. It further alleges: " Amsterdamsche has consistently asserted a right to the continued possession of the stock and has refused permission to defendant to make delivery thereof to plaintiff except upon conditions which plaintiff has failed to perform."

I am of the opinion in the circumstances disclosed that the proper procedure is for the defendant to bring in Amsterdamsche as a party defendant under section 287-b of the Civil Practice Act; I so indicated in *Hencer Corp.* v. *Stolz* (176 Misc. 460), and such permission is granted to the defendant.

As to effecting service upon Amsterdamsche, I see no difficulty in effecting service upon it with respect to service by mail by reason of the Netherlands being occupied by the armed forces of enemy nations, for this condition was foreseen and provision made therefor by the following portion of rule 50 of the Rules of Civil Practice: " When it appears by the papers on which the order was granted that the defendant is within a country with which the United States of America is at war, or in a place with which, by reason of the existence of a state of war, the United States of America does not maintain postal communication, the order may dispense with the mailing of any papers to such defendant, and, in lieu thereof, shall direct that such papers be mailed to such officer as may have been appointed by the President of the United States of America to take possession of the property of alien enemies, directed to him at Washington, District of Columbia, on behalf of such defendant."

It is the contention of the defendant that the President by Executive Order No. 6694, dated May 1, 1934, abolished the office of Alien Property Custodian and transferred its functions to the Department of Justice; that the " First War Powers Act, 1941 " (U. S. Code, tit. 50, Appendix, §§ 601–622) has expressly authorized the President to designate an agency or person to take over property in which any foreign country or a national thereof has any interest (§ 301 [U. S. Code, tit. 50, Appendix, § 616]) and that such designation has not been made and that there is no officer presently in being who meets the requirements of rule 50, hence a stay is sought until such a designation is made by the President so that effective service of the summons, complaint, order and notice specified in rule 50 may be made.

I do not agree with the view and claim thus advanced by the defendant. In *Brown* v. *Morgan & Co., Inc.* (177 Misc. 763) I alluded to this identical situation and pointed to the ruling as to the status of the Attorney-General and that he was the successor to the Alien Property Custodian; also to the fact that a new division was being organized, to be known as Alien Property Division and that the duties and functions of the head of this division will be similar to those exercised by the office of Alien Property Custodian during the last war.

Even though the First War Powers Act of 1941 has expressly authorized the President to make such designation and he has not as yet done so, I do not understand that it detracts in the slightest degree from the fact that there is in existence a successor to the Alien Property Custodian, namely, the Attorney-General, and service as prescribed by rule 50 may be validly made upon him. When and if the President makes the designation authorized by section 301 of the " First War Powers Act, 1941," such designee will be the one upon whom such service may be effected; until then the Attorney-General is the proper person upon whom service may be validly made. (See Exec. Order, No. 8136, May 15, 1939.) The motion to stay the plaintiff, as requested, is denied.